IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EXCEL MARKETING SOLUTIONS, §
INC., §
 §
    Plaintiff, §
 § Civil Action No. 3:11-CV-0109-D
VS. §
 §
DIRECT FINANCIAL SOLUTIONS, §
LLC, et al., §
 §
    Defendants. §

MEMORANDUM OPINION
AND ORDER

  In this removed action, the court must decide whether a Texas citizen defendant has been improperly joined and whether the action against the other defendant must be litigated in Delaware under the terms of a contractual forum selection clause. For the reasons that follow, the court holds that the Texas citizen defendant has been improperly joined, that plaintiff's motion to remand must be denied, and that plaintiff's action against that defendant must be dismissed with prejudice. The court concludes that plaintiff must sue the other defendant in Delaware, and it therefore dismisses the action against that defendant without prejudice to plaintiff's refiling suit there.

I

  Plaintiff Excel Marketing Solutions, Inc. ("Excel") sued defendants Direct Financial Solutions, LLC ("DFS") and OIX, Inc. ("OIX") in Texas state court alleging claims for breach of contract and negligent misrepresentation, and seeking, *inter alia*, a

temporary restraining order ("TRO"). Excel is a Nevada corporation with its principal place of business in Texas. DFS is a Delaware limited liability company with its principal place of business in Utah, and OIX is a Delaware corporation with its principal place of business in Texas. Defendants removed the case to this court based on diversity of citizenship, contending that OIX's Texas citizenship should be disregarded because it has been improperly joined.

Excel moves to remand, contending that OIX is properly joined and that the parties are not completely diverse. OIX moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. DFS moves to dismiss under 28 U.S.C. § 1406(a) and Rule 12(b)(2) and (b)(3) for lack of personal jurisdiction or improper venue. Alternatively, it moves under 28 U.S.C. § 1406(a) to transfer the case to the District of Delaware.

II

The court first addresses Excel's motion to remand and OIX's related motion to dismiss under Rule 12(b)(6).

A

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir.

2004) (per curiam)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. The defendant can establish improper joinder by showing that there was actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

In this case, defendants argue that Excel is unable to establish a cause of action against OIX. To meet their heavy burden of proving improper joinder, defendants must demonstrate "that there is no possibility of recovery by the plaintiff against [OIX], which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be

able to recover against [OIX]." *Id.* The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks and citation omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

To predict whether plaintiffs have a reasonable basis of recovery under state law, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In considering the allegations against in-state defendants, the court must look to the live pleadings at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."). The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits[.]" *Smallwood*, 385 F.3d at 574.

B

Excel maintains that OIX, a Delaware corporation whose principal place of business is in Texas, is properly joined as a defendant and that the court lacks subject matter jurisdiction because the parties are not completely diverse. It argues that defendants have failed to show that there is no reasonable probability that Excel can establish a cause of action against OIX. In its state-court petition ("petition"), Excel asserts two claims: breach of contract and negligent misrepresentation. Excel seeks a TRO and a temporary injunction against DFS and OIX, actual damages, and attorney's fees.

Excel provides operational, sales, and marketing consulting services, including the use of social media platforms to service other companies' customers. Excel and DFS entered into a mutual non-disclosure agreement ("First NDA") on February 5, 2010 to facilitate discussions regarding a prospective transaction between Excel and DFS. The parties entered into the First NDA anticipating that, during the business venture, one party might disclose confidential and proprietary information to the other. OIX was not a party to the First NDA. In the First NDA, the parties agreed that confidential information might be exchanged between the parties, that such information would not be disclosed to third parties, and that such information would be returned to the disclosing party.

Excel subsequently provided confidential information to DFS in the form of potential customers and contact information, operational integration information, and marketing information. Excel alleges that DFS disclosed this information to OIX, but OIX was not a party to, and had not agreed to be bound by, the First NDA. The parties disagree about (1) what information should be returned to Excel; (2) whether such information should be in OIX's possession; and (3) what confidential information is not to be used by defendants. Excel also alleges that DFS stated to EMS that it intends to use the information for its business operations and sales and marketing efforts.

In its petition, Excel alleges that "Defendant DFS's actions constitute a breach of the [First NDA]," and that "Defendant DFS's actions constitute a negligent misrepresentation[.]" Pet. 6. Excel does not mention OIX in either of these claims and does not otherwise assert that OIX violated Texas law. Excel urges, however, that OIX is properly joined because Excel seeks injunctive relief against OIX. Defendants argue that because Excel does not assert that OIX was a party to the First NDA or that OIX made any misrepresentations to Excel, Excel cannot prevail under Texas law on its claims, if any, against OIX. Defendants also maintain that Excel's request for injunctive relief against OIX is not a cause of action and cannot serve as a basis to defeat diversity jurisdiction.

C

"In considering the allegations against in-state defendants, the court must look to the live pleadings at the time of removal." *Moore v. Travelers Indem. Co.*, 2010 WL 5071036, at *4 (N.D. Tex. Dec. 7, 2010) (Fitzwater, C.J.) (internal quotation marks and citation omitted). As to OIX, Excel only alleges that OIX received confidential information and that OIX could not agree what information to return to Excel. Excel does not explicitly mention OIX in either of its claims.

Under Texas law, Excel's breach of contract claim requires that it prove four elements: (1) the existence of a valid contract, (2) that Excel performed its duties under the contract, (3) that OIX breached the contract, and (4) that Excel suffered damages as a result of the breach. *E.g., Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003) (Texas law) (citation omitted).

> To prevail on a negligent misrepresentation claim, [Excel] must show (1) the representation in question was made by [OIX] in the course of [its] business or in a transaction in which [it] had a pecuniary interest, (2) [OIX] supplied false information for the guidance of [Excel in its] business, (3) [OIX] did not exercise reasonable care or competence in obtaining or communicating the information, and (4) [Excel] suffered pecuniary loss by justifiably relying on the representation.

*Hunter v. PriceKubecka, PLLC*, ___ S.W.3d___, 2011 WL 1522410, at *7 (Tex. App. Apr. 22, 2011, no pet. h.) (citation omitted); *see also Erdman Co. v. USMD of Arlington GP, LLC*, 2011 WL 1356920, at *19

(N.D. Tex. Apr. 11, 2011) (Fitzwater, C.J.). Excel has not stated a breach of contract, negligent misrepresentation, or other claim under Texas law against OIX. Defendants have demonstrated that there is no possibility of recovery by Excel against OIX under the claims asserted in the petition.

D

Excel alternatively maintains that its joinder of OIX is proper because Excel seeks injunctive relief against OIX. Injunctive relief is an equitable remedy, not an independent cause of action. *See Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." (citation omitted)). And "the fact that the [plaintiff] seek[s] injunctive relief against all defendants . . . does not preclude a finding of improper joinder." *Id.* The fact that injunctive relief may be granted against the improperly joined defendant "is not relevant for diversity jurisdiction purposes." *Id.*

E

The court therefore holds that OIX is improperly joined and that its Texas citizenship can be disregarded when determining whether there is complete diversity and whether the case has been removed with an in-state defendant. Moreover, that injunctive relief may potentially be available against OIX does not create a

claim against OIX or preclude removal. Accordingly, the court denies Excel's motion to remand.

F

Because the court holds, under a Rule 12(b)(6)-type analysis, that OIX has been improperly joined, it follows that OIX is entitled to dismissal of the claims against it. *See Berry v. Hardwick*, 152 Fed. Appx. 371, 373-75 (5th Cir. 2005) (per curiam) (holding that district court properly granted defendants' motion to dismiss when it determined that they had been improperly joined).

Excel asks that, in the event that the court denies its motion to remand, the court permit Excel to amend its petition to assert a claim on which relief can be granted against OIX and thus defeat removal. But the court should not evaluate the propriety of removal based on an amended complaint. *See Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259-60 n.8 (5th Cir. 1995) ("Even if Plaintiffs' amended petition, for which the Court has not yet granted leave to file, does state a cause of action against [defendant], it is well established that an amended petition cannot operate to defeat jurisdiction of a case that was properly removed."). The court therefore denies Excel's request to replead a claim against OIX. Excel's action against OIX is dismissed with prejudice.

III

The court now turns to DFS's motion to dismiss. For reasons the court will explain, it concludes that it need only address whether the action against DFS should be dismissed based on a forum selection clause contained in the second nondisclosure agreement ("Second NDA"). *See CK DFW Partners Ltd. v. City Kitchens, Inc.*, 2007 WL 2381259, at *2 (N.D. Tex. Aug. 17, 2007) (Fitzwater, J.) (dismissing case pursuant to forum selection clause and declining to address defendants' motion to dismiss for lack of personal jurisdiction).

A

In this circuit, a motion to dismiss based on a forum selection clause is properly brought under Rule 12(b)(3) (improper venue). *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 901-02 (5th Cir. 2005) ("Because our court has accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause, we need not decide whether a Rule 12(b)(1) motion would be appropriate." (citations omitted)). When the court considers a motion to dismiss based on a forum selection clause, it applies the standard set out in *M/S Bremen and Unterweser Reederei, GmBH v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *See, e.g., Bonded Inspections, Inc. v. Northrup Grumman Corp.,* 1998 WL 185518, at *2 (N.D. Tex. Apr. 10, 1998) (Fitzwater, J.) (addressing dismissal or transfer under 28 U.S.C. § 1406(a)). Forum selection clauses "are

prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Launey v. Carnival Corp.*, 1997 WL 426095, at *1 (E.D. La. July 25, 1997) (internal quotation marks omitted) (quoting *M/S Bremen*, 407 U.S. at 10).

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen*, 407 U.S. at 12-13, 15, 18). The party who seeks to avoid application of a forum selection clause "bears a heavy burden of proof justifying its avoidance." *Launey*, 1997 WL 426095, at *2.

B

The court must first determine whether Excel is bound by the forum selection clause of the Second NDA. "Because the forum selection clause is part of a contract, principles of contract interpretation apply." *IMCO Recycling, Inc. v. Warshauer*, 2001 WL 1041799, at *3 (N.D. Tex. Aug. 31, 2001) (Fitzwater, J.) (citing

*McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1205 (5th Cir. 1991)). "In determining whether the forum selection clause applies, the court will assume not only that federal law governs the determination of whether an enforceable forum selection clause exists, but also that federal law controls whether plaintiff's lawsuit falls within the scope of the forum selection clause." *Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*, 2009 WL 3645094, at *3 (N.D. Tex. Nov. 2, 2009) (Fitzwater, C.J.) (internal quotation marks and citation omitted).

Defendants maintain that the First NDA was superseded by the Second NDA, and that the forum selection clause of the Second NDA is mandatory and enforceable against Excel. Excel responds that, because Excel is not explicitly mentioned in or named as a party to the Second NDA, but is expressly named as a party to the First NDA, it is not bound by the Second NDA and its forum selection clause. Defendants reply that Excel is an affiliate and business of Lee Gills ("Gills"), who is a party to the Second NDA, and Excel is therefore bound by the Second NDA's forum selection clause.

The First NDA was executed on February 5, 2010 by and between Excel and DFS "to protect and safeguard the confidential and proprietary information of the parties and to safeguard and not disturb the continuing operations of the parties." Ds. Mot. Dis. App. 4. The First NDA is to be construed in accordance with Texas law without regard to conflicts or choice of law. Both parties

agree that any disputes under the First NDA shall be adjudicated in immediate arbitration in Dallas, Texas, or in any court of the disclosing party's choosing in the United States. The agreement was signed by Gills, as duly authorized representative and Executive Vice President of Excel, and S. Todd Jensen, as duly authorized representative and CEO of DFS.

The Second NDA was executed on May 27, 2010 between Gills and DFS. It provides that "each party may receive Confidential Information (as defined below) of the other party, and the parties desire to set forth certain agreements in connection therewith." Ds. Mot. Dis. App. 8. By its terms, the Second NDA "constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any previous arrangements relating thereto" and is governed by Delaware law. *Id.* at 10. The parties agreed to submit to the personal and exclusive jurisdiction of state and federal courts in the county of New Castle, Delaware. *See id.*

Defendants maintain that Excel is bound by the forum selection clause of the Second NDA because the First NDA was superseded by the Second NDA. Excel responds that the Second NDA does not supersede the First NDA as to Excel because Excel is not a party to the Second NDA. Excel therefore posits that it is not bound by the forum selection clause of the Second NDA, and, as the disclosing party, it may choose the forum pursuant to the First NDA.

Defendants reply that Excel is bound by the Second NDA because (1) the Second NDA unambiguously binds Gills's affiliates and businesses, which includes Excel; (2) an interpretation of the Second NDA that renders it inapplicable to Excel renders it illusory or meaningless; and (3) the parties' history and course of dealing indicate that the parties intended the Second NDA to bind Excel.

Defendants posit that the Second NDA expressly binds Gills's affiliates and businesses, including Excel. The Second NDA defines Confidential Information as information of or concerning the disclosing party's (here, Gills's) affiliates (here, Excel). The agreement also requires that a party who receives Confidential Information shall return it to the disclosing party or to the disclosing party's affiliates (here, Excel). Excel does not argue that it is not an affiliate of Gills, and it does not contest that Gills owns, operates, and controls Excel.

Defendants also maintain that interpreting the Second NDA not to apply to Excel renders the language referring to Gills's affiliates meaningless, which is contrary to law. Finally, defendants argue that the course of dealing and history between Excel and DFS indicate that the parties intended to bind Excel to the Second NDA. The First NDA and the Second NDA apply to the same set of information, Gills signed the First NDA on behalf of Excel, the Second NDA was intended to supersede the First NDA (to which

Excel was a named party), and Excel eventually became a member of the company that was the purpose of the venture contemplated by both NDAs.

C

The court agrees with defendants. A nonparty can be bound to a forum selection clause if the nonparty is "'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Harrison v. Procter & Gamble Co.*, 2007 WL 431085, at *2 (N.D. Tex. Feb. 8, 2007) (Buchmeyer, J.) (quoting *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)); *see also D.B. Inc. v. Nat'l Admin. Solutions Corp.*, 2004 WL 865842, at *3 (N.D. Tex. Apr. 21, 2004) (Buchmeyer, J.) ("To bind a non-party to a forum selection clause, the party must be closely related to the dispute such that it becomes foreseeable that it will be bound."). In *Hugel* the court held that a forum selection clause agreed to by two companies applied also to the president and chairman of the board of those companies. *Hugel*, 999 F.2d 209-10. The district court found that the corporations owned and controlled by the non-signatory were equally bound by the forum selection clause, and the appellate court upheld this finding as not clearly erroneous. *Id.* at 210. In *Babin Marine, L.L.C. v. Argo Inc.*, 2000 WL 1372992 (E.D. La. Sept. 21, 2000), the court concluded that a forum selection clause agreed to by a company's authorized agent and broker applied to the company because it was closely related to the

contractual relationship such that it was foreseeable that the forum selection clause would apply to suits involving the company. *See id.* at *3; *see also Salad Bowl Franchise Corp. v. Crane*, 2011 WL 942239, at *4 (N.D. Tex. Mar. 17, 2011) (Fitzwater, C.J.) (concluding that signatory to arbitration agreement can compel another signatory to that agreement to submit to arbitration against non-signatory, so long as it is on the subject matter covered by the agreement and the non-signatory is being sued for actions as agent for the signatory).

The court holds that, even if Excel is not a named party to the Second NDA, Excel is closely related to the dispute between Gills and DFS under the Second NDA such that it was foreseeable that Excel would be bound by the Second NDA and the forum selection clause. The same confidential information is protected by both NDAs; Gills signed the First NDA as Excel's duly authorized representative; and the parties clearly contemplated that the Second NDA would protect information disclosed by and received by Gills's affiliates, which includes Excel. The court therefore holds that Excel is bound by the forum selection clause in the Second NDA.

D

The court must next decide if the substance of Excel's claims falls within the scope of the forum selection clause of the Second NDA. The clause states: "[i]n the event of any claim or action

- 16 -

arising under or relating to [the Second NDA], the parties irrevocably agree to submit to the personal and exclusive jurisdiction of the state and federal courts located within the County of New Castle, Delaware, United States." Ds. Mot. Dis. App. 10.

Excel alleges in its petition that it provided confidential information to DFS that includes, but is not limited to, potential customers and their contact information, operational integration information, and marketing information. Excel asserts that DFS forwarded confidential information to OIX in violation of the First NDA. Excel also avers that DFS represented that it would maintain the confidential nature of the information provided to it by Excel, that Excel relied on this representation, that the representation was false, and that Excel was injured as a result.

The First NDA required that the party who received confidential information "shall limit access [to that information] to its authorized employees, representatives and agents who have a substantial need to know . . . and have agreed to be bound by this Agreement." Ds. Mot. Dis. App. 4. Likewise, the Second NDA required that the party who received confidential information keep that information confidential and not use it for any purpose other than the evaluation of the proposed business relationship and transaction between Gills and DFS. *See id.* at 9. Essentially, the facts that Excel alleges may give rise to a cause of action under

the Second NDA, to which DFS is a party.

The court therefore holds that Excel's substantive claims are within the scope of the forum selection clause of the Second NDA because Excel's claims arise under or are related to the Second NDA, since it was superseded by the First NDA. The court dismisses Excel's action against DFS without prejudice to Excel's refiling the lawsuit in Delaware.

\* \* \*

The court denies Excel's February 17, 2011 motion to remand and grants OIX's January 25, 2011 motion to dismiss for failure to state a claim on which relief can be granted. The court concludes that the forum selection clause of the Second NDA governs Excel's lawsuit against DFS. It therefore grants DFS's January 25, 2011 motion to dismiss and dismisses this action without prejudice to Excel's refiling suit against DFS in accordance with the forum selection clause, i.e., in the state and federal courts located within the County of New Castle, Delaware. In view of this ruling, the court need not decide DFS's motion to dismiss pursuant to Rule 12(b)(2). This case is dismissed by judgment filed today.

**SO ORDERED.**

May 13, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE